# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

LEONARDO ESQUIVEL,

    Plaintiff,

-vs-             Case No.  2:09-cv-251-FtM-29SPC

NAPLES COMMUNITY HOSPITAL,

    Defendant.

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This matter comes before the Court on the Plaintiff Leonard Esquivel's Motion to Proceed *In Forma Pauperis* (IFP) (Doc. #12) filed on May 26, 2009.  On May 8, 2009, the Court denied without prejudice the Plaintiff's Motion for Leave to File IFP.  In that Order, the Plaintiff was directed to file an amended complaint and provide the Court with a clarification of his financial statement.  In his original IFP motion the Plaintiff stated that he owned a house on Fort Myers, Beach that was valued at $50.00.  On May 26, 2009, the Plaintiff filed his Amended Motion to Proceed IFP, and subsequently filed his Amended Complaint (Doc. #15) on August 5, 2009.  The matter was referred to this Court on August 14, 2009, and is therefore, ripe for review.

## DISCUSSION

    The Court directed the Plaintiff to explain the diminished value on his Fort Myers Beach house.  Instead of explaining the $50.00 dollar value he listed in his first affidavit of indigency (Doc. # 2), the Plaintiff merely leaves off the residence in its entirety and states he lives with his mother.

As such, it is apparent that the Plaintiff does not have the financial resources to pay the court costs, however, despite the fact that the Plaintiff's affidavit reveals that he has insufficient resources to conduct the litigation, the Plaintiff should not be permitted to proceed *in forma pauperis* because he fails to present a claim upon which relief can be granted.

The Plaintiff brings his case under 42 U.S.C. § 1981.  However, the Plaintiff appears to bring a case pursuant to Title VII for race and age discrimination.  The Plaintiff also submitted an amended affidavit of indigency for the Court's review.

The Plaintiff seeks to proceed *in forma pauperis* (IFP)under 28 U.S.C. §1915 which states in pertinent part, "any Court of the United States may authorize the commencement...of any suit, action or proceeding....without prepayment of fees and costs..., by a person who makes affidavit that he/she is unable to pay such costs..."   Further, under §1915, it is within the Court's discretion to dismiss an action if the action is deemed "frivolous or malicious"; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. A complaint is deemed frivolous if the Court finds that is lacks arguable basis in law or fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

In accordance with 28 U.S.C. §1915, the Court will first examine the Plaintiff's Complaint, in its entirety,  to determine whether an action should proceed based on the validity of the claim.  The Court considers that the Plaintiff is proceeding *pro se* and therefore, reviews the Complaint (Doc. #1) with a less stringent standard than those Complaints written by attorneys.  Trawinski v. United Technologies, 313 F.3d 1295 (11th Cir. 2002).

Upon review of the Complaint, the Amended Complaint (Doc. # 15) and supporting documentation regarding the Plaintiff's financial status, the Court finds that the Plaintiff fails to state a claim in which the named Defendant can frame a response. Again the Plaintiff names the Naples Community Hospital, a building, as the Defendant.[1] In its previous Order the Court informed the Plaintiff that he could not name a building as the Defendant, however, the Plaintiff has again failed to comply with the Court's Order.

The Plaintiff brings the complaint under 42 U.S.C. § 1981, alleging he was wrongfully terminated based upon poor answers to progress tests prior to the lapse of this three (3) month training/probationary period. Under § 1981

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Here the Plaintiff does not allege that he was prevented from entering into a contract nor was he denied the ability to enforce a contract under any of his claims. Thus, the Plaintiff's claim lacks merit under the law.

---

[1] The Court notes that the named Defendant, Naples Community Hospital, is a building located at 350 7th Street, North, Collier County, Florida. As such, the Naples Community Hospital in and of itself cannot be deemed as an entity subject to litigation.

The Plaintiff appears to bring a claim under Title VII, 42 U.S.C. 2000e, for age and ethic origin discrimination. The Plaintiff asserts that 42 U.S.C. 2000e protects all individuals based upon the grounds of race, religion, gender, or ethnicity and that he was terminated because of his Hispanic heritage and for his age.

### (2) Race Discrimination

In order to establish a claim for race discrimination, the Plaintiff must allege that she (1) was a member of a protected class; (2) was qualified for the jobs she has applied for; (3) she suffered an adverse employment action; and (4) she was displaced by someone outside the protected class. Webb-Edwards v. Orange County Sheriff's Office, 525 F. 3d 1013, 1031 (11th Cir. 2008) (citing Hinson v. Clinch County Georgia Board of Education, 231 F.3d 821, 828 (11th Cir. 2000)). The Plaintiff is a member of a protected class and he alleges that he was terminated for that reason, however, the Plaintiff fails to state that a person of non-protected race was hired to replace him. Therefore, he fails to establish a claim for discrimination based upon his race.

### (3) Age Discrimination

To prove a claim of age discrimination, "a plaintiff can establish a *prima facie* case of discrimination through either direct evidence of discrimination or a variation of the four-part test outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), for circumstantial evidence." Duffy v. Lowe's Home Centers, Inc., 414 F. Supp.2d 1133, 1142 (M.D. Fla. 2006) (citing Damon v. Fleming Supermarkets Of Florida, Inc., 196 F.3d 1354, 1358 (11th Cir.1999)). Because Duffy has conceded that he relies solely on circumstantial evidence, ( *see* Doc. 26 at 2), the Court will employ a burden-shifting scheme, as follows: (1) initially, Duffy must

establish a *prima facie* case of discrimination; (2) Lowe's must then respond with a legitimate, nondiscriminatory reason for its actions; and (3) to prevail, the Plaintiff must establish that the Defendant's articulated reason was merely a pretext to mask unlawful discrimination. *See* Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1432 (11th Cir.1998).

To establish the initial *prima facie* requirement of an age discrimination case based on circumstantial evidence, a plaintiff must establish: (1) that [he] was a member of the protected group of persons between the ages of forty and seventy; (2) that [he] was subject to adverse employment action; (3) that a substantially younger person filled the position that [he] sought ...; and (4) that [he] was qualified to do the job for which [he] was rejected. Duffy, 414 F. Supp.2d 1at 1142.

The Plaintiff alleges that his supervisor Mrs. Moore informed him that a "younger female" was waiting to fill his position, however, the allegation lacks any specifics that a younger individual filled his training position. The Plaintiff fails to meet the minimum requirements needed to establish the initial *prima facie* case of age discrimination, because there is no basis to support his claim that a younger individual replaced his position.

## CONCLUSION

The Plaintiff does not present any evidence or law that would support his allegations. Therefore, the Court finds it appropriate to respectfully recommend that the Court dismiss his claim.

Accordingly, it is now
**RECOMMENDED:**
The Plaintiff Leonard Esquivel's Motion to Proceed In Forma Pauperis (Doc. #12) should be **DENIED**. The Court further recommends that the case be dismissed with or without prejudice is **RESERVED** for the discretion of the District Court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida, this __24th__ day of August, 2009.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record